IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAZMINE ROBINSON, ) | |
| JASLYNN REESE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.  2:13-cv-557-WKW |
| ) | (WO – Do Not Publish) |
| KOCH FOODS OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Koch Foods of Alabama's ("Koch Foods") Motion to Dismiss Plaintiffs' Claims (Doc. #37).  Koch Foods seeks dismissal of Plaintiffs Jazmine Robinson ("Robinson") and Jaslynn Reese's ("Reese") (collectively, "Plaintiffs") complaint pursuant to 28 U.S.C. § 1915 for failing to disclose certain income on their applications to proceed *in forma pauperis* ("IFP").  For the reasons discussed below, the motion is due to be DENIED.

### I.  JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343(a),  and 1367.  Additionally, Defendant has not argued that the Court does not have personal jurisdiction over it.  Venue is appropriate pursuant to 28 U.S.C. § 1391.

### II. FACTS

Plaintiffs initiated this lawsuit *pro se* and filed a complaint against Koch Foods on

1

August 6, 2013, alleging Koch Foods discriminated against them on the basis of sex in violation of Title VII. On the same day Plaintiffs submitted applications to proceed IFP. (Doc. #2.) Plaintiffs state in their IFP motion accompanying their applications that Robinson has not worked since August 2012, and Reese has not worked since October 2012. These dates are the dates Plaintiffs allege in their complaint that they ceased working for Koch Foods. The applications to proceed IFP state that information provided on the form is given under penalty of perjury and that a false statement may result in dismissal of the lawsuit. Both Plaintiffs stated on their applications that they were currently unemployed and lacked any significant source of income, but both checked "yes" to the question of whether they received gifts or had income from any other sources in the past twelve months. Neither Plaintiff described what these additional sources of income were on a separate form as required by the application.

As a result, the Magistrate Judge issued an order requiring Plaintiffs to state these additional sources of income and cautioned that failure to comply with the order could result in dismissal of the lawsuit. (Doc. #4.) Robinson responded with an amendment to her IFP application stating that she was hired by McDonald's on August 26, 2013, but had so far worked only eleven hours there and that, prior to this employment, her mother usually gave her $100 a week to support her three month old child. (Doc. #5.) Robinson also stated she received a $380 grant for support of her child. Reese also responded with an amendment to her IFP application stating that she received $170 a month in drill pay from the Army National Guard. (Doc. #5-1.) Following these submissions, the Magistrate Judge granted

Plaintiffs' motion to proceed IFP. (Doc. #6.)

Koch Foods presented evidence, and Plaintiffs have admitted, that Plaintiffs failed to report income they earned while working at Koch Foods on their IFP applications. Robinson failed to report $831.30 that she earned at Koch Foods after August 5, 2012, until her resignation on August 20, 2012. Reese failed to report $3,218.89 that she earned at Koch Foods after August 5, 2012, until her termination in October 2012. Robinson states in an affidavit that she inadvertently overlooked that she had worked for twenty days at Koch Foods in August 2012 when she filled out her IFP application. (Doc. #42-2, at ¶ 5.) Reese similarly states that her failure to include her Koch Foods income on her IFP application was a result of her miscalculation of how many months had passed since she worked at Koch Foods.

### III. DISCUSSION

Koch Foods seeks dismissal of Plaintiffs' claims under the statute governing proceedings *in forma pauperis*, which states "the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue . . . ." 28 U.S.C. § 1915(e)(2)(A). Formerly, whether to dismiss a case upon a finding that an allegation of poverty was untrue was within the discretion of the court, but the Prison Litigation Reform Act ("PLRA") amended § 1915 to adopt the mandatory "shall dismiss" language. Pub. L. 104-134 § 804; *see also Bilal v. Driver*, 251 F.3d 1346, 1348–49 (11th Cir. 2001) (stating that the PLRA made dismissal mandatory under § 1915). However, while dismissal is now mandatory upon a finding that the allegations of poverty are untrue, pre-PLRA case law on

when an "allegation of poverty is untrue" is still applicable. "Not every inaccuracy in an affidavit of poverty, no matter how minimal, should be construed as a false allegation of poverty so as to cause loss of *in forma pauperis* eligibility and dismissal of the complaint." *Camp v. Oliver*, 798 F.2d 434, 438 n.3 (11th Cir. 1986). The purpose of dismissal "if the affidavit of poverty is untrue is not to punish the litigant whose affidavit contains an insignificant discrepancy, but to weed out the litigant who falsely understates his net worth in order to obtain *in forma pauperis* status to which he is not entitled based upon his true financial worth." *Id*. In other words, a court must first determine whether the excluded income would have changed the earlier determination that the plaintiff was entitled to proceed IFP. *See id.* at 438 ("The district court first should have determined whether considering the facts as a whole, Camp's inaccuracy foreclosed *in forma pauperis* eligibility.").

If a court finds that the excluded income makes the allegation of poverty untrue, then it must decide whether to dismiss the case with or without prejudice. A court may dismiss a case with prejudice under § 1915 only upon a finding that the petitioner acted in bad faith. *See Camp*, 798 F.2d at 437–38; *Dawson v. Lennon*, 797 F.2d 934 (11th Cir. 1986) (upholding dismissal with prejudice where petitioner failed to disclose substantial assets and failed to disclose that two previous courts had denied his petition to proceed IFP).

This Court finds that Robinson's failure to report $831.30 that she earned nearly a year before her application to proceed IFP and Reese's failure to report $3,218.89 that she earned ten months before her application to proceed IFP are not false allegations of poverty

4

under § 1915. Given the amounts of income Plaintiffs failed to report and the amount of time that had elapsed since they had earned that income, reporting the income would have made no difference to the Magistrate Judge's decision to grant them IFP status. In cases in which petitioners' complaints were dismissed under § 1915 for failing to disclose small amounts of income, the petitioners' failure to disclose income involved bad faith or manipulation. *See Camp*, 798 F.2d at 438 ("We doubt that, absent a petitioner's bad faith, the panel [in *Collier v. Reigio*, 760 F.2d 279 (11th Cir. 1985)] would have interpreted an affidavit of no funds coupled with a bank balance of thirty cents as a fraudulent misrepresentation of poverty warranting as harsh a sanction as dismissal with prejudice.") (footnote omitted); *see also Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990) ("The inaccuracy in [plaintiff's] affidavit was minimal: $25.02. There is no evidence that the misstatement was made in bad faith in order to qualify [the plaintiff] for *in forma pauperis* status when he was not entitled to that status.") (footnote omitted). The Court does not find that Plaintiffs' failure to report the income they earned from Koch Foods was a bad faith attempt to qualify for IFP status to which they were not entitled, nor was it part of a pattern of fraudulent misconduct. The income Plaintiffs failed to report was immaterial to the determination of their IFP status.

## IV.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Koch Foods's Motion to Dismiss Plaintiffs' Claims (Doc. #37) is DENIED.  The Court further construes Plaintiffs' Motion to Clarify and Correct Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss (Doc. #46) as a supplemental brief to their Response Brief (Doc. #42), and the Clerk of Court is DIRECTED to terminate the motion contained in Document #46.

DONE this the 11th day of September, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE