IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAZMINE ROBINSON, ) | |
| JASLYNN REESE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO.  2:13-cv-557-WKW |
| ) | (WO – Do Not Publish) |
| KOCH FOODS OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Koch Foods of Alabama's ("Koch Foods") Motion for Judgment on the Pleadings (Doc. #35).  Plaintiffs Jazmine Robinson ("Robinson") and Jaslynn Reese ("Reese") (collectively, "Plaintiffs") bring suit against Koch Foods under Title VII for various claims arising out of sexual harassment they experienced while employees at Koch Foods.  For the reasons discussed below, Koch Foods's motion is due to be GRANTED.

### **I. JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343(a).  Additionally, Defendant has not argued that the Court does not have personal jurisdiction over it.  Venue is appropriate pursuant to 28 U.S.C. § 1391.

### **II. STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are

1

closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is limited to consideration of "the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). In evaluating a motion for judgment on the pleadings, the court must review the factual allegations in the light most favorable to the non-moving party. *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). However, the court need not credit a non-moving party's legal contentions. *See CompuCredit Holdings Corp. v. Akanthos Capital Mgmt., LLC*, 661 F.3d 1312, 1314 (11th Cir. 2011). A judgment on the pleadings pursuant to Rule 12(c) is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996).

### III. FACTS

The factual allegations taken in the light most favorable to the non-moving parties, Robinson and Reese, are as follows:

Robinson began working with Koch Foods as a laborer on July 16, 2012. Beginning in August 2012, Robinson's immediate supervisor, Antonio Peirson ("Peirson"), began making sexual advances toward Robinson. The week of August 13, 2012, Peirson called Robinson into his office and said, "I want you to be my boo." Peirson expressed his desire to have a sexual relationship to Robinson and walked by her, brushing her buttocks. Peirson then brushed Robinson with his hands and said he wanted to see her on the weekend because "we need to make this happen." On August 16, 2012, Peirson offered to give Robinson a day

off of work on Friday, August 17, 2014, and leave early on Friday, August 24, 2012, in exchange for sex. Robinson did not report to work on Friday, August 17, 2012, because of the sexual harassment. The following Monday, August 20, 2012, Robinson reported the harassment to her Human Resources supervisor and resigned.

Reese began working with Koch Foods as a laborer on June 4, 2012. About a month after she began working, Peirson began make sexual advances toward Reese. On July 24, 2012, after taking Reese off the work line and giving her a paperwork assignment, Peirson stated to Reese, "You've got to give me some." In the same month Peirson grabbed Reese's buttocks on several occasions even though she repeatedly told him not to touch her. Peirson later sent Reese a text stating his desire to have a sexual relationship with her. After Reese shared the text with another employee, Peirson found out and apologized, stating he would keep texts work-related. However, three or four days later, Peirson spoke to Reese in person and said he would not text her but would speak to her face to face. He then said, "When are you going to give me some; what weekend am I going to see you?" Reese rejected Peirson's advances, but still he persisted.

On August 20, 2012, Reese joined with other co-workers to report Peirson's conduct to Human Resources. Peirson showed Shawn Collins ("Collins") in Human Resources the text Peirson had sent her, but Collins accused Reese of lying and stated that Pierson told Collins someone had stolen his phone and sent the message to Reese. Collins gave Reese the option of moving to another department, but Reese declined since she felt the harassment would continue in the new department. Reese continued to be subjected to sexual advances

by Peirson. On September 10, 2012, Reese filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Reese was terminated by Koch Foods in October 2012.

## IV. DISCUSSION

Robinson and Reese both assert one count of sex discrimination in violation of Title VII. Robinson alleges facts intended to support claims for quid pro quo sexual harassment, hostile work environment, and constructive discharge. Reese alleges facts intended to support claims for quid pro quo sexual harassment, hostile work environment, and retaliatory discharge.[1] Koch Foods moves to dismiss the following: (1) Reese's termination claim because it is administratively barred and because she does not allege she was terminated on the basis of sex; (2) Robinson's termination claim because she fails to allege sufficient facts to show that she was terminated because of her sex or that she was constructively discharged.

### A.     Reese's Termination Claim

Koch Foods argues that Reese's termination claim should be dismissed because it exceeds the scope of her EEOC charge. Since Reese filed her EEOC charge in September 2012 before she was terminated in October 2012, her charge makes no mention of her termination. Title VII requires plaintiffs to exhaust certain administrative remedies before filing a suit for employment discrimination. *See EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d

---

[1] Although Reese's claims, like Robinson's, are all included under a single count of sex discrimination, Reese alleges that "shortly after filing her charge of discrimination with the EEOC, Plaintiff was terminated by Defendant." (Doc. #19, at ¶ 28.)

1265, 1271 (11th Cir. 2002).  A plaintiff must first file a timely charge of discrimination with the EEOC before bringing suit, and a judicial complaint is limited by the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination. *See Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003).  Additional judicial claims are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint, but allegations of new acts of discrimination are inappropriate.  *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279–80 (11th Cir. 2004) (per curiam) (internal quotations and citations omitted).  The allegations in a judicial complaint must be "like or related to" the allegations contained in the EEOC charge.  *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).

Reese argues that, under Eleventh Circuit precedent, when the filing of an EEOC charge leads to retaliation, a plaintiff need not file a second EEOC charge to pursue a retaliation claim.  *See Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 168–69 (11th Cir. 1988) (stating that because "a claim of retaliation could reasonably be expected to grow out of the original charge of discrimination," a plaintiff need not file a new EEOC charge alleging retaliatory actions) (citing *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. Unit A Aug. 1981)[2]); *but see Duble v. FedEx Ground Package Sys., Inc.*, No. 13-12749, 2014

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

WL 3631905, __ Fed. App'x __, at *3–4, (11th Cir. July 24, 2014) (limiting the holding of *Baker* and *Gupta* to only those cases in which the plaintiff filed an EEOC charge, then filed a lawsuit, and experienced the retaliatory actions while the lawsuit was pending). Reese and Robinson commenced this lawsuit on August 6, 2013. (Doc. #1.) Reese filed her EEOC charge on September 10, 2012, and thus experienced the allegedly retaliatory act in October 2012, well before the commencement of this lawsuit. Prior to the *Duble* case, the Court would have agreed with Reese that her claim for retaliatory termination fell under the *Baker* and *Gupta* rule. However, the court in *Duble* held that *Baker* and *Gupta* do not apply where the retaliatory action occurs after the filing of the first EEOC charge but long enough before the filing of the lawsuit to give the plaintiff an opportunity to amend or to file a new EEOC charge to add a retaliation claim. *See Duble*, 2014 WL 3631905 at *3–4. Accordingly, Koch Foods's motion to dismiss Reese's termination claim for failure to exhaust administrative remedies is due to be GRANTED.

**B.     Robinson's Termination Claim**

Robinson's termination claim is a constructive discharge claim based upon her resignation on August 20, 2012, as a result of Peirson's alleged harassment. Koch Foods argues that Robinson has pled insufficient facts to state a claim for constructive discharge based on a hostile work environment. "Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job." *Bryant v. Jones*, 575 F.3d 1281, 1298 (11th Cir. 2009) (quoting *Munday v. Waste Mgmt. of N. Amer., Inc.*, 126 F.3d 239, 244 (4th Cir. 1997)). To establish a

constructive discharge claim, a plaintiff must show "the work environment and conditions of employment were so unbearable that a reasonable person in that person's position would be compelled to resign." *Virgo v. Riviera Beach Assoc., Ltd.*, 30 F.3d 1350, 1363 (11th Cir. 1994). A plaintiff must establish greater severity or pervasiveness of the harassment than is required to prove hostile working environment in order to succeed on a constructive discharge claim. *See Bryant*, 575 F.3d at 1298–99 (citing *Landgraf v. USI Film Prods.*, 968 F.2d 427, 430 (5th Cir. 1992)). In addition, "[a] constructive discharge will generally not be found if the employer is not given sufficient time to remedy the situation." *Kilgore v. Thompson & Brock Mgmt., Inc.*, 93 F.3d 752, 754 (11th Cir. 1996).

Koch Foods argues that it is entitled to judgment on the pleadings for Robinson's constructive discharge claim because: (1) she has not alleged sufficient facts to show that her work environment was so unbearable that a reasonable person in her position would resign; and (2) Robinson failed to give Koch Foods sufficient time to remedy the situation because she alleges that she resigned on the same day that she reported Peirson's sexual harassment. Robinson fails to plead a claim for constructive discharge because, based on her own allegations, she "resigned in disgust" on August 20, 2012, which is the same day Robinson and other co-workers went to Human Resources to report Peirson's sexual harassment. (Doc. #19, at ¶¶ 15, 26.) Robinson's constructive discharge claim fails as a matter of law because there is no possibility she can prove that she gave Koch Foods sufficient time to remedy the situation. *See Kilgore*, 93 F.3d at 755 (holding that, as in Robinson's case, employees' constructive discharge claim failed as a matter of law where employees did not return to

work after complaining to corporate management about sexual harassment); *see also Garner v. Wal-Mart Stores, Inc.*, 807 F.2d 1536, 1539 (11th Cir. 1987) ("Part of an employee's obligation to be *reasonable* is an obligation not to assume the worst, and not to jump to conclusions too fast."). Therefore, Koch Foods's motion for judgment on the pleadings is due to be GRANTED as to Robinson's termination claim.

### C. Remaining Claims

In its motion for judgment on the pleadings, Koch Foods sought judgment in its favor on Plaintiffs' termination claims only. The Court has found that judgment on the pleadings is due to be granted in Koch Foods's favor as to Plaintiffs' termination claims. Thus, Plaintiffs' sexual harassment claims remain pending in this case.

### V. CONCLUSION

For the reasons stated above, it is hereby ORDERED that Koch Foods's Motion for Judgment on the Pleadings (Doc. #35) is GRANTED and that Plaintiffs' termination claims are DISMISSED WITH PREJUDICE.

DONE this the 11th day of September, 2014.

　　　　　　　　　　　　　　　　　　/s/ W. Keith Watkins
　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE